**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 4, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

STEPHEN THEODORE GLADSTONE,

    Plaintiff - Appellant,

v.

SUMMIT COUNTY, COLORADO,
TOWN OF BRECKENRIDGE,
COLORADO; TOWN OF FRISCO,
COLORADO; KAREN ANN ROMEO;
REED OWENS; HEIDE
HERSHBERGER; JAMIE
FITZSIMMONS; MICHAEL SHILLING;
JOSEPH SCALISE; TAYLOR
BOHLENDER; THAD HALL; DARIC
GUTZWILLER; ANDREW BROTTMAN;
JUSTIN PILODORI; SPENCER DAVIS;
JIM BAIRD; MATTHEW CULVER;
MICOLE G. SLOAN; SKYLA ATKINS;
CHRIS DEARTH; CARLOS CHAVEZ;
TOM WICKMAN; BRANDON VAIL;
ADAM BIANCHI; JEN SHIMP; TOM
HOGEMAN; BRUCE BROWN; LISA
HUNT; STEPHANIE CAVA; HEIDI
MCCOLLUM; LAUREN CRISERA;
STEVE POTTS; JAY NELSON; KRISTIN
TARRIN; ASHLEIGH BECK; SULLEE
RABIN; SHANNON WEHNER, JOE
CANADA; ANN-MARI WESTERHOFF;
SUSAN WALACE-SEMAN; BRITTON
FOSSETT; MEGAN LACHANCE
(PAROCHA); LEAH KNICKERHEM;
SARAH BUTTERWORTH; LCSW;
JESSICA ROCKFELLER; LESLIE
BREISCH; KELLYN ENDER; MILE
HIGH BEHAVIOR HEALTH CARE;
JESSICA COURTNEY; CIARA MCCOY;
GEMMA TAYLOR; LAURA

No. 25-1404
(D.C. No. 1:25-CV-00717-LTB-RTG)
(D. Colo.)

LANDRUM; JEFFREY MAHLER;
THOMAS LOSACCO; TODD DAVIS;
ELLICE GOLDBERG; MIKE
ATKINSON,

      Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Stephen Gladstone, proceeding pro se, appeals the district court's dismissal of his complaint alleging conspiracy, constitutional rights violations, and violations of the Racketeer Influenced and Corrupt Organizations Act by 57 individual defendants, including local and state judicial officers and attorneys. Adopting the magistrate judge's recommendation, the district court dismissed the action because

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Gladstone's complaint failed to comply with Federal Rule of Civil Procedure 8(a). Exercising jurisdiction under 28 U.S.C. § 1291,[1] we affirm.[2]

## I.    BACKGROUND

Mr. Gladstone filed a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983," R. vol. 1 at 14, two motions for emergency injunctive relief, a motion to submit electronic evidence, and several exhibits.

The magistrate judge ordered Mr. Gladstone to amend the complaint, concluding that it "fail[ed] to include a short and plain statement of the grounds for jurisdiction or a short and plain statement of [his] claims showing he is entitled to relief," and that his "allegations [were] confusing and repetitive" and did not "allow[] the Court and defendants to know what claims [were] being asserted and to be able to

---

[1] Defendants AAA Family Dental Center III PC and Thomas Losacco argue this court lacks jurisdiction because the final order from which Mr. Gladstone appeals dismissed his claims "without prejudice," R. vol. 2 at 342 (capitalization omitted), and therefore "the proper remedy for [Mr. Gladstone] to respond to the trial court's order was to file a new complaint, not to pursue the instant Appeal." Resp. Br. at 9. But the dismissal order states that "the Amended Complaint . . . *and this action* are dismissed without prejudice," R. vol. 2 at 342 (emphasis added) (capitalization omitted). The court further "ordered that Judgment is entered in favor of Defendants and against [Mr. Gladstone]." *Id.* at 345 (capitalization omitted). Because "the district court's order evinces an intent to dismiss [Mr. Gladstone's] entire action, not just his complaint," we have jurisdiction to review it as a final order under 28 U.S.C. § 1291. *Moya v. Schollenbarger*, 465 F.3d 444, 454 (10th Cir. 2006).

[2] Because Mr. Gladstone proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

respond to those claims." R. vol. 1 at 383–84. The district court also denied Mr. Gladstone's emergency motions for injunctive relief.

Mr. Gladstone then filed four amended complaints, seven motions for injunctive relief, and "numerous other supplements, motions, notices, and exhibits." R. vol. 2 at 247. In his operative amended complaint, he averred that he was subject to a "systemic campaign of retaliation," R. vol. 1 at 534, and that the defendants conspired to deprive him of his constitutional rights in a state child custody case and a state criminal prosecution. He enumerated 14 claims and requested declaratory, monetary, and injunctive relief, including "[i]mmediate restoration of parenting time and a permanent injunction against further judicial, therapeutic, or institutional interference"; "[t]ransfer of custody and property matters to a neutral venue"; [and] "federal oversight for systemic misconduct." R. vol. 1 at 527.

The magistrate judge concluded the amended complaint was still noncompliant with Rule 8 and subject to dismissal. Alternatively, to the extent Mr. Gladstone's claims were intelligible, the magistrate judge concluded "some or all" were barred by doctrines that restrict the use of federal courts to collaterally attack or interfere with state court proceedings. R. vol. 2 at 252.[3]

---

[3] These include (1) abstention under *Younger v. Harris*, 401 U.S. 37 (1971), which prohibits the exercise of federal jurisdiction to intervene in ongoing state criminal cases; (2) *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which limits the availability of federal court actions that would invalidate a state criminal conviction or sentence; (3) the *Rooker-Feldman* doctrine, "under which a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," *Johnson v. De Grandy*,

The magistrate judge recommended dismissal of the action without prejudice under Federal Rule of Civil Procedure 41(b). Mr. Gladstone objected. The district court overruled his objections, accepted the recommendation, dismissed the action, and entered judgment for the defendants. This appeal followed.

## II.    DISCUSSION

"We review dismissals under Rule 41(b) for abuse of discretion." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). A district court may dismiss an action under Rule 41(b) for failure to comply with Rule 8. *See id.* Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Mr. Gladstone argues his amended complaint complied with Rule 8 because it was "structured, chronological, and divided into fourteen labeled claims with dates and exhibits." Aplt. Opening Br. at 13. But on our review, we conclude, like the district court, the amended complaint fails to show "who did what to whom." *Mann*, 477 F.3d at 1148. "It was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [Mr. Gladstone] filed." *Id.*

---

512 U.S. 997, 1005–06 (1994); and (4) the domestic relations exception, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

The district court did not abuse its discretion in adopting the magistrate judge's conclusion that Mr. Gladstone "fail[ed] to allege in a clear, concise, and organized manner what the defendants personally did to him, when the defendants did it, how the defendants' action (or inaction) harmed him, what constitutional or federal right the defendants are charged with violating, and what relief he s[ought] from the defendants."  R. vol. 2 at 250–51.  Nor did the court abuse its discretion in denying Mr. Gladstone's motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment or in dismissing the case without prejudice.[4]

## III.    CONCLUSION

We affirm the district court's judgment.  We deny Mr. Gladstone's "Motion for Judicial Notice of Related District Court Filings and Sworn Therapeutic Evidence" (Dkt. No. 37).

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

---

[4] We do not address Mr. Gladstone's challenges to the applicability of *Younger*, *Heck*, *Rooker-Feldman*, and the domestic relations exception because we affirm the dismissal under Rule 8.  *See Mann*, 477 F.3d at 1148.

We also reject Mr. Gladstone's remaining arguments asserting "[s]tructural [b]ias" and "[e]x [p]arte [e]xecutive [i]nfluence and [p]rejudicial [t]iming," Aplt. Opening Br. at 16–17, as insufficiently developed in his briefing on appeal and therefore waived.  *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (internal quotation marks omitted)).